IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO CONSERVATION LEAGUE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. FOREST SERVICE,<br><br>　　　　Defendant. | Case No. 1:18-CV-044-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it a motion to intervene filed by the Salmon Headwaters Conservation Association (SHWCA). The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion in part, allowing SHWCA to intervene for remedy purposes, and deny the remainder of the motion.

# LITIGATION BACKGROUND

Plaintiff Idaho Conservation League (ICL) seeks to compel the Forest Service to consult with NOAA and the Fish and Wildlife Service (FWS) over the adverse effects on fish species listed under the Endangered Species Act (ESA). ICL is concerned that irrigation diversions are harming protected fish species, and that the Forest Service is shirking its duty under the ESA to complete the consultation on this danger that it started years ago on this danger.

**Memorandum Decision & Order – page 1**

In 2001, the Forest Service prepared a Biological Assessment (BA) for 23 irrigation diversions in the Sawtooth Valley and found that 21 of these diversions were likely to adversely affect protected fish species and their habitat.  The Forest Service submitted the BA to NOAA and FWS, in an effort to initiate consultation under § 7 of the ESA.  That consultation, ICL alleges, was never completed although the Forest Service continues to authorize the diversions to be used, harming protected species such as sockeye salmon, Chinook salmon, steelhead, bull trout, and their habitat.  ICL's Complaint seeks to compel the Forest Service to initiate and complete § 7 consultations for the 23 diversions, and to adopt any interim measures necessary to protect fish and fish habitat during consultation.

## ANALYSIS

A motion to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), is analyzed under a four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011). The court is guided by "practical and equitable considerations" and construes the Rule "broadly in favor of proposed intervenors." *U.S. v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002).  While the standard is liberal, the applicant bears the burden of showing that each of the four elements is met. *Freedom from Religion Foundation, Inc. v. Geithner,* 644

F.3d 836, 841 (9th Cir. 2011). Failure to satisfy any one of the requirements is fatal to the application. *Id.*

SHWCA's application is timely, and it has a significant protectable interest relating to the water rights of its members. The ultimate remedy sought by ICL could as a practical matter impair or impede SHWCA's ability to protect those water rights. The real issue here is whether SHWCA has satisfied the fourth factor – that SHWCA's interests are inadequately protected by the Forest Service. To resolve this issue, the Court must consider:

> (1) whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether the would-be intervenor would offer any necessary elements to the proceedings that other parties would neglect.

*Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 822 (9th Cir. 2001). The prospective intervenor must demonstrate that the existing parties may not adequately represent its interest. *Id.* However, only a "minimal" showing is needed. *Id.* The focus should be on the "subject of the action," not just the particular issues before the court at the time of the motion. Id. Where the present party and proposed intervenor share the same "ultimate objective," a presumption of adequacy of representation applies, and the proposed intervenor can rebut that presumption only with a "compelling showing" to the contrary. *Geithner, supra,* 644 F.3d at 841.

On the liability portion of this case, the sole issue is whether the Forest Service has a duty under § 7 of the ESA to complete its consultation with NOAA and FWS. On this liability issue, the ultimate objective of both the Forest Service and SHWCA is to obtain

**Memorandum Decision & Order – page 3**

a ruling that the Forest Service has no such duty. Thus, a presumption arises that the Forest Service will adequately protect the interests of SHWCA on this liability issue, and SHWCA must make a compelling showing to overcome that presumption. SHWCA has not made that compelling showing for intervention on the liability issue. That issue will be resolved solely as a question of law concerning the scope of the Forest Service's duty of consultation under § 7 of the ESA. The Forest Service has indicated in its Answer that it has no such duty, and SHWCA would essentially just be "piling on" if allowed to intervene in the liability phase, offering nothing of additional value. SHWCA is concerned, however, that the agency might reverse course, agree that it has such a duty, and enter into a settlement of the liability phase. But that would make no difference – SHWCA is seeking to intervene as a defendant and cites nothing giving it authority to make arguments on behalf of the Forest Service that the agency has itself rejected.

For these reasons, the Court will deny that portion of the motion seeking to intervene on the liability issue. The Court will, however, allow SHWCA to intervene on the remedy issues. If ICL is successful in compelling the Forest Service to consult with NOAA and FWS, ICL will argue that certain interim measures should be imposed on the 23 diversions. During litigation over these interim remedies, and any later remedies, SHWCA may have different interests than the Forest Service and hence may not be adequately protected by the agency. Thus, the Court will allow intervention for remedy purposes only.

In conclusion, the Court will grant the motion to intervene in part. The Court will allow SHWCA to intervene permissively on the remedy issues, but will deny the motion in all other respects.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to intervene (docket no. 6) is GRANTED IN PART AND DENIED IN PART. It is granted to the extent it seeks permissive intervention for remedy issues only. It is denied in all other respects.

DATED: June 22, 2018

B. Lynn Winmill
Chief U.S. District Court Judge