JEAN E. WILLIAMS, Deputy Assistant Attorney General
SETH M. BARSKY, Chief
S. JAY GOVINDAN, Assistant Chief
DEVON LEA FLANAGAN, Trial Attorney (DC Bar No. 1022195)
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 305-0201
Facsimile: (202) 305-0275
devon.flanagan@usdoj.gov

*Attorneys for Defendant*

[Additional Counsel on signature page]

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO CONSERVATION LEAGUE, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES FOREST SERVICE, <br><br> Defendant. | Case No.: 1:18-cv-00044-BLW <br><br> **STIPULATION ON REMEDY** |

This Stipulation on Remedy ("Stipulation") is entered into by and between Plaintiff Idaho Conservation League and Defendant United States Forest Service, who, by and through their undersigned counsel, state as follows:

WHEREAS, on January 29, 2018, Plaintiff filed its Complaint, ECF No. 1, initiating the above-captioned action;

1

WHEREAS Plaintiff's Complaint raised three claims, alleging: (1) Defendant violated Section 7(a)(2) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1536(a)(2), by failing to engage in consultation regarding the authorization of twenty-three water facilities on National Forest System ("NFS") land in the Sawtooth Valley ("Sawtooth water facilities");[1] (2) Defendant violated Section 7(d) of the ESA, 16 U.S.C. § 1536(d), by making an irreversible and irretrievable commitment of resources after initiating consultation for the authorization of the Sawtooth water facilities; and (3) Defendant should be compelled to engage in consultation on the authorization of the Sawtooth water facilities because such action was unreasonably delayed pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1).

WHEREAS the parties agreed in the joint litigation plan, ECF No. 23, which was approved by the Court, ECF No. 24, to bifurcate these proceedings into merits and remedies phases;

WHEREAS the parties filed cross-motions for summary judgment on the merits of Counts One and Three of Plaintiff's Complaint;

WHEREAS Plaintiff recognized in briefing that only twenty of the water facilities are currently located on NFS land and are therefore subject to Plaintiff's claims; these water facilities are identified as WMC1, CHC3, CHC4/7, CHC5, CHC6, FJC1, FJC3, FC4, S39, S39A, S40, S41, S42, S43, GOC2, CCC2, BOC1, CLC1, GRG1, and GRG2;

WHEREAS, on June 17, 2019, the U.S. District Court for the District of Idaho issued a memorandum decision and order granting Plaintiff summary judgment on Count One of its Complaint and denying Defendant's cross-motion for summary judgment, ECF No. 42;

---

[1] Water facilities include "reservoirs, canals, ditches, flumes, laterals, pipes, pipelines, tunnels, and other facilities and systems for the impoundment, storage, transportation, or distribution of water."  43 U.S.C. § 1761(a)(1).

WHEREAS the Court's memorandum decision and order orders that Defendant "shall engage in formal consultation with the appropriate agency under § 7 of the Endangered Species Act;"

WHEREAS the Court's memorandum decision and order on the merits did not provide a deadline for Defendant to comply with its order or other details on the scope of the remedy granted;

WHEREAS the twenty Sawtooth water facilities have pending applications for Ditch Bill Easements pursuant to 43 U.S.C. § 1761(c);

WHEREAS the Forest Service has not yet determined whether the use or occupancy of NFS land associated with any of the twenty Sawtooth water facilities: a) require Forest Service authorization; b) qualify for a Ditch Bill Easement if they do require Forest Service authorization; or, c) if they do require authorization and do not qualify under the Ditch Bill, whether they qualify for a Special Use Permit authorizing the use of NFS land for operation and maintenance of facilities on NFS land that are used to divert, transport, or store water pursuant to water rights held under State law;

WHEREAS there are pending quiet title actions seeking to quiet title to rights-of-way on NFS land for six of the twenty Sawtooth water facilities, asserting that the water facilities are within pre-existing, vested rights-of-way held by the operators pursuant to the Mining Act of July 26, 1866, 14 Stat. 253, later codified at 43 U.S.C. § 661 ("the 1866 Act");

WHEREAS other water facilities in the Sawtooth Valley may also be within vested rights-of-way pursuant to the 1866 Act;

WHEREAS, if a water facility falls within a vested right-of-way pursuant to the 1866 Act, Forest Service authorization is not required for the use of NFS land for routine operation and

maintenance of the water facilities that is within the scope of the right-of-way, *see* 43 U.S.C. § 1769(a); 36 C.F.R. § 251.50(e)(3);

WHEREAS the parties, through their authorized representatives, have negotiated a stipulation regarding how Defendant shall comply with the Court's June 17, 2019, order that they consider to be in the public interest and a just, fair, adequate, and equitable remedy for the legal violation identified in the Court's memorandum opinion and order;

WHEREAS the parties agree to a remedy according to the terms set forth below, and thus agree hereto to the entry of this Stipulation:

1.      No later than December 31, 2022, Defendant shall submit a Biological Assessment and request the initiation of consultation with the National Marine Fisheries Service and/or U.S. Fish and Wildlife Service pursuant to Section 7 of the ESA regarding the authorization of the use or occupancy of NFS land for the 20 Sawtooth water facilities through the issuance of either a Ditch Bill Easement or a Special Use Permit, except for any facility satisfying one of the exceptions listed in Paragraph 2;

2.      The Forest Service is not required to request the initiation of consultation by the deadline set forth above for a Sawtooth water facility if any the following happen prior to December 31, 2022:

        a.      A court of law determines or recognizes the water facility is located entirely within a right-of-way on NFS land held pursuant to the 1866 Act or other legal authority, over which the Forest Service lacks discretionary involvement or control because such facilities do not require Forest Service authorization pursuant to 36 C.F.R. § 251.50(e)(3);

b.      The Forest Service administratively determines the water facility on NFS

land is located entirely within a right-of-way on NFS land held pursuant to the 1866

Act or other legal authority, over which the Forest Service lacks discretionary

involvement or control because such facilities do not require Forest Service

authorization pursuant to 36 C.F.R. § 251.50(e)(3);

c.      The Forest Service determines the water facility will have no effect on

species listed as endangered or threatened under the ESA in accordance with

applicable statutory and regulatory standards; or

d.      The Forest Service determines it will not authorize the water facility by

Ditch Bill Easement or Special Use Permit, and the Forest Service notifies the

applicant that use of the facility is not authorized and that the facility must be

removed from NFS land.  In such circumstances, the Forest Service shall make a

reasonable, good faith effort to ensure that unauthorized facilities are removed from

NFS land in a timely manner;

3.      Defendant shall provide an update on its compliance with this Stipulation to

Plaintiff, or make such update publicly available and notify Plaintiff of its availability, within six

months of the date that this Stipulation is entered, and every six months thereafter until ESA

consultation with the National Marine Fisheries Service and the U.S. Fish and Wildlife Service is

complete. This update shall include a brief summary of the work performed by the Forest Service

over the previous six months and the work the Forest Service intends to perform over the next six

months related to the Biological Assessment, including: work related to reviewing Ditch Bill

Easement applications and Special Use Permit applications for the water facilities; work related to

preparing the Biological Assessment; and updates on the status of the consultation(s).  This update shall also include any new information regarding:

      a.      Whether Defendant has requested the initiation of consultation regarding any of the Sawtooth water facilities, and a list of any water facilities included in that request for initiation;

      b.      The resolution of any quiet title actions involving the Sawtooth water facilities;

      c.      Any final administrative determination by the Forest Service regarding whether the Sawtooth water facilities fall within a vested right-of-way pursuant to the 1866 Act or other legal authority;

      d.      Any final administrative decision to grant or deny a Ditch Bill Easement application or Special Use Permit application for the use or occupancy of NFS land for the Sawtooth water facilities;

      e.      Receipt of any new application for a Special Use Permit for one of the Sawtooth water facilities that are the subject of this Stipulation;

      f.      If a fish screen has been installed at the water facility designated as CHC5;

      g.      Whether Defendant has issued a Special Use Permit authorizing significant modifications to any of the Sawtooth water facilities;

      h.      Any other information that the Forest Service is aware of and chooses to include, in its sole discretion, regarding the Sawtooth water facilities' operations or impacts on listed species or the consultation.

      4.      After submitting the Biological Assessment, the Forest Service will diligently cooperate in the consultation(s) through completion, including by promptly responding to and

resolving issues identified by the National Marine Fisheries Service and the U.S. Fish and Wildlife Service, such as requests for additional information.

5.     Defendant's compliance with the terms in paragraphs 1-4 above shall constitute full compliance with the Court's order of June 17, 2019, and will remedy the violation identified in the Court's accompanying opinion.

6.     No party shall use this Stipulation or the terms herein as evidence of what does or does not constitute a reasonable timeline for processing Ditch Bill Easement applications or initiating consultation pursuant to 16 U.S.C. § 1536(a)(2) in any other proceeding regarding the Defendant's compliance with the ESA.

7.     The Order entering this Stipulation may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the parties filed with and approved by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the event that either party seeks to modify the terms of this Stipulation, including the deadline specified in Paragraph 1, or in the event of a dispute arising out of or relating to this Stipulation, or in the event that either party believes that the other party has failed to comply with any term or condition of this Stipulation, the party seeking the modification, raising the dispute, or seeking enforcement shall provide the other party with notice of the claim or modification.  The parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  If the parties are unable to resolve the claim themselves, either party may seek relief from the Court.  In the event that Defendant fails to meet the deadline in Paragraph 1 and has not sought to modify it, Plaintiff's first remedy shall be a motion to enforce the terms of this

Stipulation.  This Stipulation shall not, in the first instance, be enforceable through a proceeding for contempt of court.

8.      No provision of this Stipulation shall be interpreted as, or constitute, a commitment or requirement that Defendant take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural.  Nothing in this Stipulation shall be construed to limit or modify the discretion accorded to Defendant by the ESA, the APA, the Federal Land Policy and Management Act, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.  To challenge any future agency action pertaining to the Sawtooth water facilities, Plaintiff must file a separate action.  Defendant reserves the right to raise any applicable claims or defenses to such challenges.

9.      Nothing in this Stipulation shall be interpreted as, or shall constitute, a requirement that Defendants take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other appropriations law.

10.     The parties agree that this Stipulation was negotiated in good faith and that it memorializes an agreement regarding the appropriate remedy that was disputed by the parties.  By entering into this Stipulation, the parties do not waive any claim or defense except as expressly stated herein.  The parties also do not waive any rights to appeal any decisions issued in this case.  The Stipulation contains all of the agreement between the parties, and is intended to be the final and sole agreement between the parties.  The parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Stipulation, whether written or oral, are of no further legal or equitable force or effect.

11.     This Stipulation will remain in effect pending any appeal of the Court's June 17, 2019, opinion and order.

12.     The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Stipulation and do hereby agree to the terms herein.

13.     The terms of this Stipulation shall become effective upon entry of an Order by the Court ratifying the Stipulation.

14.      The parties respectfully request that the Court enter final judgment in this case following the ratification of this Stipulation.  However, the parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Stipulation and to resolve any motions to modify such terms, as well as any motions for attorneys' fees and costs.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Respectfully submitted this 19th day of November, 2019.

<div style="margin-left: 40%;">

JEAN E. WILLIAMS
Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division
SETH M. BARSKY, Section Chief
S. JAY GOVINDAN, Asst. Section Chief

*/s/ Devon Lea Flanagan*
DEVON LEA FLANAGAN
Trial Attorney, D.C. Bar No. 1022195
Wildlife and Marine Resources Section
Ben Franklin Station
P. O. Box 7611
Washington, D.C.  20044-7611
(202) 305-0201 (tel.)
(202) 305-0275 (fax)
devon.flanagan@usdoj.gov

*Attorneys for Defendant*

</div>

9

*/s/ Laurence J. Lucas*
Bryan Hurlbutt (ISB # 8501)
Laurence ("Laird") J. Lucas (ISB # 4733)
ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)
bhurlbutt@advocateswest.org
llucas@advocateswest.org

*Attorneys for Plaintiff ICL*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 19, 2019, a true and correct copy of the above Stipulation on Remedy was electronically filed with the Clerk of Court using CM/ECF.  Copies of the document will be served upon interested parties via the Notices of Electronic Filing that are generated by CM/ECF.

*/s/ Devon Lea Flanagan*
DEVON LEA FLANAGAN
Trial Attorney, D.C. Bar No. 1022195
Wildlife and Marine Resources Section
Ben Franklin Station
P. O. Box 7611
Washington, D.C.  20044-7611
(202) 305-0201 (tel.)
(202) 305-0275 (fax)
devon.flanagan@usdoj.gov

*Attorney for Defendant*