Bryan Hurlbutt (ISB # 8501)
Laurence ("Laird") J. Lucas (ISB # 4733)
ADVOCATES FOR THE WEST
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)
bhurlbutt@advocateswest.org
llucas@advocateswest.org

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| IDAHO CONSERVATION LEAGUE,<br><br>　　　　Plaintiff,<br>vs.<br><br>U.S. FOREST SERVICE,<br><br>　　　　Defendant. | No. 1-18-cv-44-BLW<br><br>**OPENING BRIEF IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND LITIGATION EXPENSES** |

# INTRODUCTION

Plaintiff Idaho Conservation League (ICL) respectfully moves the Court for an award of reasonable attorney fees and litigation expenses against Defendant U.S. Forest Service, pursuant to the Endangered Species Act (ESA), 16 U.S.C. § 1540(g)(4).

As explained below and detailed further in the accompanying Declaration of Laurence ("Laird") J. Lucas, ICL is entitled to an ESA award of attorney fees and litigation expenses for this matter because it prevailed in winning summary judgment under the ESA, and then stipulated to remedial relief with the Forest Service to undertake ESA consultation over Sawtooth National Forest diversions at issue in this case.

The requested award of attorney fees is based on the "lodestar" approach, using time reasonably expended by Plaintiff's counsel on this matter multiplied by reasonable

OPENING BRIEF ON MOTION FOR FEE/EXPENSE AWARD -- 1

hourly rates consistent with District of Idaho market rates for similarly experienced counsel. *See* Lucas Declaration.

Accordingly, for reasons below and in the Lucas Declaration, the Court should grant this motion and award Plaintiff the requested attorney fees and litigation expenses in the total amount of $ 111,611.56, plus such additional attorney fees as Plaintiffs may incur in litigating this motion hereafter.

## STATEMENT OF RELEVANT FACTS

As detailed in the Court's June 2019 summary judgment decision, the origins of this case trace back over two decades, when the Sawtooth National Forest identified irrigation diversions located on National Forest lands that may affect ESA-listed salmon, steelhead, and/or bull trout by obstructing their migration, reducing water flows, and other impacts. *See* Memorandum Decision and Order, ECF No. 42, at 1-4.

Although the Sawtooth National Forest began preparing a "Sawtooth Valley All Aquatics Biological Assessment" to assess the diversions, its delay in launching ESA Section 7 consultation resulted in environmental groups sending ESA notice of intent letters in 2000. *Id.* at 4.  The Forest Supervisor responded by committing to updating the All Aquatics BA and using it to launch ESA consultation, and the updated 2001 BA found that every diversion "may affect" at least one of the listed fish species. *Id.* However, the Sawtooth National Forest never completed the ESA consultation process over the identified diversions, and the efforts to consult "ground to a halt."  *Id.*

Beginning in 2014, Plaintiff ICL started communicating with the Forest Service about its lengthy delay and ESA violations, seeking an out-of-court resolution. When those negotiations did not succeed, ICL sent its own ESA notice letter and then filed its

complaint in January 2018, seeking to compel the Forest Service to conduct ESA consultations over the Sawtooth diversions. ECF No. 1. The Complaint alleged the Forest Service was violating its mandatory duties to conduct ESA Section 7 consultations over the Sawtooth diversions, under the ESA citizen suit provision, 16 U.S.C. § 1540(g)(1). *Id.*

The case was stayed for several months while the parties continued pursuing settlement talks during 2018. *See* ECF Nos. 14-15, 18-19. When those talks failed to achieve agreement, the Forest Service lodged the Administrative Record and the parties briefed cross-motions for summary judgment on liability. ECF Nos. 24-26, 34-40. After oral argument on the summary judgment motions, the Court's June 2019 Memorandum Decision and Order entered partial summary judgment for ICL on its First Claim for Relief, holding the Forest Service in violation of ESA Section 7's duty to conduct consultations over the diversions on National Forest lands, and denied the Forest Service's cross-motion for summary judgment. ECF No. 42.

The parties subsequently negotiated a remedies settlement for the ESA violations, and submitted a Stipulation on Remedies to the Court on November 19, 2019. ECF No. 43. The Stipulation on Remedies set forth an agreed deadline for the Forest Service to initiate ESA consultations over most of the diversions identified in the Complaint, while acknowledging that some are subject to pending Quiet Title Act claims and/or were later determined not to be on Forest Service lands. *Id.* The Forest Service will also periodically update ICL on the status of the ESA consultation. *Id.* The Court approved the Stipulation on Remedies and entered final judgment on November 21, 2019. ECF Nos. 44-45.

OPENING BRIEF ON MOTION FOR FEE/EXPENSE AWARD -- 3

**ARGUMENT**

I.     **ICL IS ENTITLED TO AN AWARD OF ATTORNEY FEES AND LITIGATION EXPENSES UNDER THE ESA.**

The ESA's citizen suit provision authorizes an award of attorney fees and litigation expenses for ICL here. It provides that the Court, "in issuing any final order in any suit brought pursuant to paragraph (1) of this subsection, may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4).

Because ICL challenged the Forest Service's lengthy delay in conducting ESA Section 7 consultations over the Sawtooth diversions, and the Court ruled in favor of ICL on its ESA consultation claim, leading to the Stipulation on Remedies by which the Forest Service will move forward with ESA consultation, § 1540(g)(4) authorizes an award of attorney fees and litigation expenses here.

The purpose of the ESA citizen suit provision is to encourage enforcement by "private attorneys-general." *Bennett v. Spear,* 520 U.S. 154, 165 (1997). "Congress provided fee awards to ensure that there would be lawyers available to plaintiffs who could not otherwise afford counsel, so that these plaintiffs could fulfill their role in the federal enforcement scheme as 'private attorneys general,' vindicating the public interest." *Evans v. Jeff D.,* 475 U.S. 717, 748-49 (1986). "Congress made clear that citizen groups are not to be treated as nuisances or troublemakers, but rather as welcomed participants in the vindication of environmental interests." *Friends of the Earth v. Consolidated Rail Corp.,* 768 F.2d 57, 63 (2d Cir. 1987).

Under federal fee shifting statutes, such as the ESA, a prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an

award unjust." *Hensley v. Eckerhart,* 461 U.S. 424, 429 (1988). "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.,* 461 U.S. at 435. *See also Association of California Water Agencies v. Evans*, 386 F.3d 879 (9th Cir. 2004) (ruling that an award of fees is "appropriate" under the ESA even where a case is dismissed as moot, if the plaintiff obtained at least partial success on relief sought).

## II. THE REQUESTED FEES AND EXPENSES ARE REASONABLE.

In determining a fee award, the Court should use the "lodestar" method of taking the hours reasonably spent by ICL's attorneys multiplied by their reasonable hourly rates. *Hensley*, 461 U.S. at 433-34; *Ferland v. Conrad Credit Corp*., 244 F.3d 1145 (9th Cir. 2001). The lodestar calculation presumptively results in a reasonable fee award. *Id.* ICL has based its fee request using the lodestar method, as described below and in the accompanying Lucas Declaration.

### A. The Requested Attorney Fees Are Reasonable.

ICL seeks an award of attorney fees for the time spent by its counsel of record in this litigation, Laird Lucas and Bryan Hurlbutt, based on their time records submitted herewith. *See* Lucas Decl., Exhs. 1-2 (copies of timesheets).  The "lodestar" calculation showing the hours spent by these counsel through November 29, 2019, and their respective hourly rates for which an award of fees is requested for that time, is as follows:

**SAWTOOTH DIVERSIONS LITIGATION**
**FEE LODESTAR CALCULATIONS**

| ATTORNEY | HOURS AND RATES | AMOUNTS |
|---|---|---|
| **Laird J. Lucas** | | |
| L. Lucas, 2016 | 1.0 hours @ $425/hour = | $     425.00 |
| L. Lucas, 2017 | 5.5 hours @ $425/hour = | $  2,337.50 |
| L. Lucas, 2018 | 18.9 hours @ $450/hour = | $  8,505.00 |
| L. Lucas, 2019 | 28.9 hours @ $450/hour = | $ 13,005.00 |
| **L. Lucas, Total** | **54.3 hours (rates above) =** | **$ 24,272.50** |

OPENING BRIEF ON MOTION FOR FEE/EXPENSE AWARD -- 5

**Bryan Hurlbutt**

| | | |
|---|---|---|
| B. Hurlbutt, 2014 | 9.1 hours @ $190/hour = | $ 1,729.00 |
| B. Hurlbutt, 2015 | 6.0 hours @ $200/hour = | $ 1,200.00 |
| B. Hurlbutt, 2016 | 16.0 hours @ $225/hour = | $ 3,600.00 |
| B. Hurlbutt, 2017 | 45.9 hours @ $225/hour = | $ 10,327.50 |
| B. Hurlbutt, 2018 | 142.1 hours @ $250/hour = | $ 35,525.00 |
| B. Hurlbutt, 2019 | 137.9 hours @ $250/hour = | $ 34,475.00 |
| **B. Hurlbutt, Total** | **357.0 hours (rates above) =** | **$ 86,856.50** |
| **TOTAL ATTORNEY FEES** | | **$ 111,129.00** |

*See* Lucas Decl., ¶ 27.

As explained in the accompanying Lucas Declaration, these hours were all necessary for ICL's successful investigation, development, and prosecution of this litigation, and are reasonable in light of the facts, laws, and procedural history of the case. *See* Lucas Decl., ¶¶ 20-29. ICL's counsel has eliminated time that might be unnecessary, redundant, or duplicative, to ensure that the requested hours here are all reasonable and necessary. *Id.* Moreover, most of the legal work on this case was handled by Mr. Hurlbutt, an appropriate use of the more junior attorney's time on this case. *Id.*

The hourly rates sought here are also reasonable and should be approved by the Court. A reasonable hourly fee is determined for the lodestar calculation based on "prevailing market rates in the relevant community." *Blum v. Stenson,* 465 U.S. 886, 895-96 & n. 11 (1984). The requested rates are consistent with rates that Mr. Lucas and Mr. Hurlbutt have been awarded or settled other environmental cases for recently in the District of Idaho. *See* Lucas Decl., ¶¶ 30-36. The rates are consistent with rates for comparably experienced environmental practitioners in the Boise, Idaho area. *Id.*

Because the total fees set forth above are reasonable in light of Plaintiff's success and the nature and extent of this litigation, the full amount should be awarded by the Court. *See, e.g., Moreno v. City of Sacramento*, 534 F.3d 1106 (9th Cir. 2008) ("By and

large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case").[1]

### B. The Requested Expenses Are Reasonable.

The ESA permits an award of reasonable litigation expenses, including filing fees, postage and delivery, and other normal litigation expenses. *See* 16 U.S.C. § 1540(g)(4); *Palila v. Hawaii Dept. of Lands*, 512 F. Supp. 1006, 1010 (D. Haw. 1981); *Conservation Law Foundation v. Watt*, 654 F. Supp. 706, 707-08 (D. Mass. 1984).

Plaintiff ICL here seeks recovery of its complaint filing fee of $400, for which it has already filed a Bill of Costs with the Court. *See* ECF No. 46. ICL includes the filing fee within the expenses sought here to ensure the Court has all expenses before it, but of course ICL does not seek any double recovery of its filing fee if the Bill of Costs is granted and paid.

In addition, ICL seeks recovery of $82.56 in postage and delivery costs incurred in this matter. Lucas Decl., ¶¶ 37-38. The total requested expenses of $482.56 are reasonable and should be approved.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks the Court to award it attorney fees and litigation expenses **in the total amount of** $ **111,611.56,** as set forth above, against Defendant U.S. Forest Service, plus such additional amounts as may later be submitted to the Court for time spent by Plaintiff's attorneys on this motion.

---

[1] The above lodestar calculations reflect attorney time to date on this matter, including preparing this fee motion; and Plaintiff reserves the right to submit supplemental fees that may be hereafter incurred in litigating this motion, if necessary. *See In re Nucorp Energy, Inc.,* 764 F.2d 655, 659–660 (9th Cir.1985) ("time spent in establishing the entitlement to and amount of the fee is compensable").

OPENING BRIEF ON MOTION FOR FEE/EXPENSE AWARD -- 7

Dated:  November 29, 2019                    Respectfully submitted,

/s/ *Laurence ("Laird") J. Lucas*
Bryan Hurlbutt (ISB #8501)
Laurence ("Laird") J. Lucas (ISB #4733)
*ADVOCATES FOR THE WEST*
P.O. Box 1612
Boise, ID 83701
(208) 342-7024 x206
(208) 342-8286 (fax)
bhurlbutt@advocateswest.org
llucas@advocateswest.org

*Attorneys for Plaintiffs*

OPENING BRIEF ON MOTION FOR FEE/EXPENSE AWARD -- 8